2021 IL App (2d) 190779-U
No. 2-19-0779
Order filed June 28, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 00-CF-1386 |
| EUGENE BILSKI, | ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Birkett and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly denied defendant leave to file a postconviction petition alleging that his sentence violated the proportionate-penalties clause because the trial court failed to take into consideration his youth at the time of the offense. Defendant did not establish cause for failing to bring the claim in his initial postconviction petition. His proposed petition relied on case law decided years after he filed his initial petition, but those decisions merely provided additional support for principles that were well established when defendant filed that earlier petition.

¶ 2    Defendant, Eugene Bilski, appeals from the denial of his motion for leave to file a successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). His proposed petition claimed that his 63-year extended-term discretionary prison sentence

for first-degree murder, committed when he was 20 years old, violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). On appeal, defendant contends that the denial of leave to file was erroneous because he demonstrated the requisite "cause" and "prejudice" under section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2018)). He argues that he established cause for failing to raise his claim earlier because the legal basis for the claim did not exist when he filed his initial petition. He contends that he established prejudice because his sentence was unlawful in light of new developments in science and the law. We hold that, because the legal basis for defendant's claim existed when he filed his initial petition, and he merely cites additional authority in support of that claim, he cannot establish cause under the Act. Thus, we affirm.

¶ 3                                I. BACKGROUND

¶ 4      On December 8, 2000, defendant entered an *Alford* plea (see *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that a defendant is entitled to enter a guilty plea while maintaining his innocence)) to a charge of first-degree murder (720 ILCS 5/9-1(a)(2) (West 1998)) arising out of the death of 57-day-old Trinity Bilski. Defendant, who was 20 years old at the time of the murder, was not Trinity's biological father. Under the plea agreement, defendant was to receive a sentence of between 20 and 75 years in prison. The factual basis of the plea established that, between November 25, 1999, and December 30, 1999, defendant propelled Trinity against a hard object, causing her death.

¶ 5      Following a sentencing hearing, which took place on March 13, 2001, the trial court sentenced defendant to 63 years in prison. The court stated that it had considered the evidence presented at the hearing, the presentence investigation report, the financial impact of incarceration, the arguments of the parties, defendant's statement in allocution, and the victim-impact statement.

The court determined that defendant was eligible for an extended-term sentence based on Trinity's age. The court further found that defendant was Trinity's primary caretaker, his motive for the offense was unclear, and his claim of accident was incredible. The court also noted the prior injuries that Trinity sustained. The court stated that it considered the mitigating evidence, namely defendant's dysfunctional childhood and mental illness. The court noted that defendant's mental illness could be both an aggravating and mitigating factor. The court also cited defendant's history of threats and violence toward his girlfriends, his grandfather, and during his time in the Navy. The court concluded that it was likely that defendant's violence would continue and, therefore, a lengthy sentence was required to protect society. *People v. Bilski*, 333 Ill. App. 3d 808, 816 (2002).

¶ 6    Defendant moved to withdraw his plea and for reconsideration of the sentence. He argued that the sentence was excessive, in part because the trial court failed to consider relevant mitigating factors including defendant's mental condition, lack of criminal background, and tragic childhood. The court denied the motion and defendant appealed. We affirmed. *Id.* at 821.

¶ 7    On June 30, 2006, defendant filed a *pro se* postconviction petition in which he argued (1) his trial counsel was ineffective for failing to present, as mitigating evidence during sentencing, expert psychiatric testimony concerning the extent of defendant's mental illness; (2) his sentence was disproportionate in violation of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII); and (3) his appellate counsel was ineffective for failing to raise the foregoing two issues on appeal. The trial court summarily dismissed the petition. On appeal, defendant argued only trial and appellate counsel's ineffectiveness. We affirmed. *People v. Bilski*, No. 2-06-1095 (2008) (unpublished order under Supreme Court Rule 23).

¶ 8    On January 10, 2019, defendant filed a motion for leave to file a successive postconviction petition. In it, he argued that his 63-year sentence violated the proportionate penalties clause of the

Illinois Constitution, which provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const.1970, art. I, § 11. He contended that, under *Miller v. Alabama*, 567 U.S. 460 (2012), *People v. Harris*, 2018 IL 121932, and *People v. Thompson*, 2015 IL 118151, his sentence was unconstitutional because the trial court failed to consider the hallmark features of youth before imposing it. Defendant alleged that he did not raise his claim earlier because it relied on new research—which was "in its infancy at the time of [his] sentencing."—in juvenile maturity and brain development. Defendant alleged prejudice based on the new scientific evidence— specifically, "if the protections announced in *Miller* [were applied to defendant], his sentence would violate[] the proportionate-penalties clause of the Illinois Constitution." The trial court denied the motion, and defendant timely appealed.

¶ 9                                 II. ANALYSIS

¶ 10    Defendant contends that the trial court erred in denying him leave to file his successive postconviction petition asserting that his sentence violated the proportionate-penalties clause. The State argues that this court in *People v. LaPointe*, 2018 IL App (2d) 160903, and *People v. Hoover*, 2019 IL App (2d) 170070, rejected the same argument defendant now advances, and the State asks that we continue to adhere to those prior decisions. In addition, the State argues that defendant has forfeited his constitutional claim and, alternatively, that it is barred by *res judicata*.

¶ 11    The Act provides a procedure by which a defendant may assert that his conviction was based on a substantial denial of his rights under the federal or state constitutions or both. 725 ILCS 5/122-1(a)(1) (West 2018). "The Act contemplates the filing of a single petition." *People v. Coleman*, 2013 IL 113307, ¶ 81. Section 122-1(f) of the Act addresses successive postconviction petitions:

"(f) \*\*\* [O]nly one petition may be filed by a petitioner under this Article without leave of the court. Leave of the court may be granted only if petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceeding so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2018).

¶ 12    The cause-and-prejudice test is a higher standard than the frivolous-or-patently-without-merit standard applied at the first-stage review of a defendant's initial petition. *People v. Smith*, 2014 IL 115946, ¶ 35. To survive first-stage review, a petition need only allege a claim that has an arguable basis in law or fact (*People v. Tate*, 2012 IL 112214, ¶ 9), but a defendant requesting leave to file a successive postconviction petition must make a *prima facie* showing of cause and prejudice (*People v. Bailey*, 2017 IL 121450, ¶ 24). Because successive petitions impede the finality of criminal litigation, the statutory bar to multiple petitions will be relaxed only when fundamental fairness so requires. *People v. Holman*, 2017 IL 120655, ¶ 25. We review *de novo* the trial court's denial of leave to file a successive petition. *LaPointe*, 2018 IL App (2d) 160903, ¶ 33.

¶ 13    Defendant argues that he established cause in that the legal support for his claim did not exist when he filed his initial petition. He cites *Miller*, *Harris*, and *People v. House*, 2019 IL App (1st) 110580-B, *appeal allowed*, No. 125124 (Ill. Jan. 29, 2020).

¶ 14    In *Miller*, the Supreme Court held that a mandatory sentence of life without parole for a defendant under the age of 18 violates the eighth amendment's prohibition against cruel and unusual punishment. *Miller*, 567 U.S. at 479. Under *Miller*, a juvenile defendant may be sentenced to life imprisonment if the trial court finds that the defendant's conduct showed "irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation." *Holman*, 2017 IL 120655, ¶ 46. Before imposing that penalty, the trial court must consider the defendant's youth and its attendant characteristics. *Id.* (citing *Miller*, 567 U.S. at 477-78). Our supreme court has held that *Miller* applies retroactively to cases on collateral review (*People v. Davis*, 2014 IL 115595, ¶¶ 39, 42) and that it governs both mandatory and discretionary life sentences, whether natural or *de facto* (*i.e.*, over 40 years) (*People v. Buffer*, 2019 IL 122327, ¶¶ 27, 41).

¶ 15    Defendant acknowledges that, because he was 20 years old when he committed the offense and was given a 63-year discretionary sentence, his case does not fall within the "literal parameters" of *Miller*, which dealt only with a mandatory life sentence imposed on a juvenile. Nevertheless, defendant contends that "*Miller* and its progeny have prompted a re-evaluation of the constitutional limitations of *young adult* sentences under the Illinois proportionate penalties Clause[] and provide support for his constitutional claim that was not previously available." (Emphasis added.)

¶ 16    The State points out, and defendant concedes, that this court found that the defendants in *LaPointe* and *Hoover* failed, in similar circumstances, to establish cause to justify the filing of their successive postconviction petitions. We agree with the State that those decisions control here.

¶ 17    In *LaPointe*, the defendant, who had turned 18 years old just before the offense, was convicted of first-degree murder and sentenced to life imprisonment based on a finding that the

murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. *LaPointe*, 2018 IL App (2d) 160903, ¶¶ 10-11. In August 2016, after unsuccessfully seeking collateral relief in 2002 and 2011, the defendant sought leave to file a successive petition under the Act. His proposed petition claimed that his sentence was unlawful under both the eighth amendment as construed in *Miller* and the proportionate-penalties clause. *Id.* ¶¶ 19, 25. Defendant claimed that, because *Miller* was not decided until 2012, he had cause for not including his claim in his initial postconviction petition filed in 2002. *Id.* ¶ 19. As to prejudice, he contended that his sentence was unlawful because the trial court failed to consider several of the mitigating factors required under *Miller*, including his youth, family situation, home environment, emotional-and mental-health history, and potential for rehabilitation. *Id.* ¶ 20. The proposed petition set forth with specificity how the trial court purportedly failed to consider the *Miller* factors. *Id.* ¶¶ 24-25. The trial court denied defendant leave to file the proposed petition. *Id.* ¶ 29.

¶ 18     On appeal, after finding that the defendant's eighth-amendment claim under *Miller* failed because he was not a juvenile at the time of the offense, we addressed his proportionate-penalties claim. Regarding cause, we held that the claim could have been raised in the defendant's initial postconviction petition, given that the clause "was very much in existence then, and the historical fact on which [the defendant's] claim rests—his youth at the time of the offense—was known to all concerned." *LaPointe*, 2018 IL App (2d) 160903, ¶ 55. We further noted that the underlying proposition that a defendant's youth is highly relevant in setting the penalty for his crime was not novel and that the defendant had cited a 19th-century decision holding that " '[t]he habits and characters' " of minors " 'are, presumably, to a large extent as yet unformed and unsettled.' " *Id.* (quoting *People ex rel. Bradley v. Illinois State Reformatory*, 148 Ill. 413, 423 (1894)). We concluded that "the materials that [the] defendant needed to assemble an argument that his sentence

was unconstitutionally severe in light of his youth were already available when he filed his first postconviction petition." *Id.* The proof was in the nature of the defendant's arguments in the underlying proceedings. He argued at sentencing that life imprisonment would be improper in light of his youth, particularly his emotional immaturity, and he argued on direct appeal that his sentence was an abuse of discretion in light of the goal of rehabilitation that the proportionate-penalties clause commands courts to consider. *Id.*

¶ 19   We further explained as follows:

"*Miller*'s nonexistence did not prevent [the] defendant from contending that the trial court's alleged failure to consider his youth as a factor in mitigation violated the proportionate[-]penalties clause. *Miller*'s nonexistence as of 2002 merely deprived defendant of some helpful support for that claim. Surely, defendant's contention that this created 'cause' proves too much. If the acquisition of new scientific knowledge to support an already viable claim were all that a defendant needed to show in order to raise the claim years late, then the 'cause' requirement of section 122-1(f) would be a weak threshold indeed. It is one thing to hold, as the Court did [in *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016)] that a substantive rule of law applies retroactively to a case that has completed the direct-appeal process. [Citation.] It is quite another to hold that everything written in support of that new rule also applies retroactively and thus requires reopening a judgment that did not even implicate the new rule." *Id.* ¶ 59.

¶ 20   In *Hoover*, 2019 IL App (2d) 170070, ¶¶ 37-43, we straightforwardly applied *LaPointe* to the case of a 22-year-old defendant who claimed that his discretionary life sentence for murder violated the proportionate-penalties clause. We affirmed the trial court's denial of leave to file a successive postconviction petition, noting that the proportionate-penalties claim could have been

raised earlier and that the defendant was not prejudiced since his claim, like LaPointe's, merely amounted to a contention that the trial court abused its discretion in sentencing. *Id.* ¶¶ 37-38.

¶ 21 Here, as in *LaPointe* and *Hoover*, defendant has failed to establish cause as required by section 122-1(f) of the Act. Defendant could have raised his proportionate-penalties claim in his initial petition under the Act, which he filed in June 2006. At that time, not only did the proportionate-penalties clause exist, but it was well-established that a defendant's youth is relevant to sentencing. See *LaPointe*, 2018 IL App (2d) 160903, ¶ 55; *Hoover*, 2019 IL App (2d) 170070, ¶ 37.

¶ 22 Defendant relies on *Harris* and *House* to establish cause, but to no avail here. In *Harris*, the defendant was 18 years old at the time of his offenses. *Harris*, 2018 IL 121932, ¶ 1. He was convicted of first-degree murder, attempted first-degree murder, and aggravated battery with a firearm and was sentenced to a mandatory minimum aggregate term of 76 years in prison. *Id.* The defendant argued on direct appeal that eighth-amendment *Miller* protections for juveniles should be extended to all "young adults under the age of 21." *Id.* ¶ 53. The court rejected this "facial challenge," declining to hold that *Miller* applies to all offenders between the ages of 18 and 21. *Id.* ¶¶ 53-54. The court reasoned that, while the Supreme Court has "unmistakably instructed that youth matters in sentencing," it nevertheless has not "extended its reasoning to young adults age 18 or over." (Internal quotation marks omitted.) *Id.* ¶ 56. The defendant also argued that the statutory sentencing scheme of mandatory minimums, as applied to him, violated the proportionate penalties clause given the facts of his case, his youth, and other mitigating circumstances. *Id.* ¶¶ 36-37. The defendant relied on *Miller* for this claim as well. *Id.* ¶ 37. The court declined to consider the claim, however, because it had not been factually developed in the trial court. There had been no evidentiary hearing on the claim or findings of fact on defendant's specific circumstances. *Id.*

¶ 40. However, citing to *People v. Thompson*, 2015 IL 118151, the *Harris* court noted that the "defendant was not necessarily foreclosed from raising his as-applied challenge in another proceeding," such as in a postconviction petition. *Id.* ¶ 48.

¶ 23    In *House*, the defendant was found guilty of two counts of first-degree murder, based on an accountability theory (he had acted as a lookout during the murders), and two counts of aggravated kidnapping. *House*, 2015 IL App (1st) 110580, ¶¶ 3, 82. The defendant, who was 19 years old at the time of the offenses, was sentenced to two consecutive mandatory life sentences for murder and two 30-year prison terms for kidnapping, to run consecutively to the life sentences. *Id.* ¶ 3. While his direct appeal was pending, the defendant filed a postconviction petition raising numerous claims, including a claim that the statute mandating life sentences was unconstitutional as applied to him. *Id.* ¶¶ 31, 34. On appeal from the dismissal of the petition, the First District agreed with the defendant and held that a mandatory life sentence for a 19-year-old defendant found guilty by accountability violated the proportionate-penalties clause. *Id.* ¶ 101. The court noted that "[t]he lack of discretion afforded the trial court for the imposition of a mandatory life sentence is especially relevant when the defendant is a young adult, over 18, but still not considered a fully mature adult." *Id.* at ¶ 100. The court found that, "[g]iven [the] defendant's age, his family background, his actions as a lookout as opposed to being the actual shooter, and lack of any prior violent convictions, *** [the] defendant's mandatory sentence of natural life shocks the moral sense of the community." *Id.* ¶ 101.

¶ 24    The parties each petitioned for leave to appeal to the supreme court. The supreme court denied leave but issued a supervisory order directing the appellate court to vacate its decision and reconsider it in light of *Harris*. *People v. House*, No. 122134 (Ill. Nov. 28, 2018) (supervisory order). Following remand, the First District adhered to its holding that the statute mandating life

sentences, as applied to him, violated the proportionate-penalties clause. The court remanded for "a new sentencing hearing in which the trial court has the ability to consider the relevant mitigating factors prior to imposing a sentence of such magnitude." *People v. House*, 2019 IL App (1st) 110580-B, ¶ 65, appeal allowed, No. 125124 (Ill. Jan. 29, 2020).

¶ 25 Neither *Harris* nor *House* establishes cause for defendant's failure to include his proportionate-penalties claim in his initial petition. Neither case put forward a new substantive rule of law. The absence of these cases did not prevent defendant from alleging in his initial petition that the trial court failed to consider his youth and related circumstances as factors in mitigation and therefore violated the proportionate-penalties clause. Certainly, *Harris* and *House* supplied additional support by presenting particular factual scenarios to which the courts in those cases applied established constitutional principles. However, as we stressed in *LaPointe*, the absence of additional support for a claim does not constitute cause for failing to bring the claim earlier. See *LaPointe*, 2018 IL App (2d) 160903, ¶ 59.

¶ 26 Defendant argues that *LaPointe* and *Hoover* were wrongly decided. He points to cases from other appellate districts holding that "as-applied *Miller* claims by defendants 18 years or older merited leave to file in successive post-conviction proceedings." However, none of the cases cited address our rationale in *LaPointe* and *Hoover* or explain why it is wrong. Defendant also argues that "the Illinois Supreme Court has historically refused to provide a static definition of what kind of punishment is so disproportionate as to shock the moral sense of the community." Defendant notes the supreme court's remark that, "as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community" (*People v. Miller*, 202 Ill. 2d 328, 339 (2002)). As additional evidence of the "evolving standards of decency in sentencing young people," defendant cites to recent legislative enactments that are "trending toward

increasing protections for young offenders" However, this merely provides additional support for defendant's argument that his sentence violates the proportionate-penalties clause. That claim required only the existence of the clause itself and the underlying facts of this case. See *LaPointe*, 2018 IL App (2d) 160903, ¶ 55; *Hoover*, 2019 IL App (2d) 170070, ¶ 37. As we explained in *LaPointe*, if the acquisition of new support for an already viable claim were all a defendant needed to show cause for failing to raise the claim earlier, then the cause requirement "would be a weak threshold indeed." *LaPointe*, 2018 IL App (2d) 160903, ¶ 59.

¶ 27    Based on the foregoing, we find that the defendant has not established cause for failing to raise his proportionate-penalties claim in his initial postconviction proceeding. Because the defendant failed to demonstrate cause, we need not consider whether he has demonstrated prejudice. See *People v. Brown*, 225 Ill. 2d 188, 207 (2007) (if a defendant fails to meet one prong of the cause-and-prejudice test, the court need not determine if the other prong was met). We also do not consider the State's claims based on forfeiture and *res judicata*. We hold that the trial court properly denied defendant's motion for leave to file a successive postconviction petition under the Act.

¶ 28                                      III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 30    Affirmed.