# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Single Story House*, 2012 IL App (5th) 110562

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SINGLE STORY HOUSE *et al.*, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket Nos. 5-11-0562, 5-11-0563 cons. |
| Filed | October 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The real property owned by two persons who were convicted of unlawful possession of cannabis with intent to deliver was not subject to forfeiture under the Cannabis Control Act in effect at the time of their arrest, which was before the statute was amended to specifically include "real property" as property subject to forfeiture. |
| Decision Under Review | Appeal from the Circuit Court of Randolph County, Nos. 07-MR-82, 07-MR-83; the Hon. Richard A. Aguirre, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Randall Rodewald, State's Attorney, of Chester (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| | J. William Lucco and Michael J. Hertz, both of Lucco, Brown, Threlkeld & Dawson, LLP, of Edwardsville, for appellee. |
| | |
| Panel | JUSTICE WEXSTTEN delivered the judgment of the court, with opinion. |
| | Justices Spomer and Stewart concurred in the judgment and opinion. |

# OPINION

¶ 1    In December 2007, the State filed in the circuit court of Randolph County a complaint for forfeiture, pursuant to the Cannabis Control Act (720 ILCS 550/12 (West 2006)), of a single-story house at 9972 Surman Lane in Chester, Illinois. Thereafter, the legislature amended section 12 of the Cannabis Control Act to specifically include "real property" as subject to forfeiture. 720 ILCS 550/12(a)(6) (West 2010). Concluding that the real property at issue was not subject to forfeiture pursuant to section 12(a)(4) of the prior version of the Cannabis Control Act (720 ILCS 550/12(a)(4) (West 2006)), the circuit court entered judgment against the State, and the State appeals.

¶ 2    On appeal, the State argues that the circuit court erred in applying the prior version of the Cannabis Control Act to this case but that even if the prior version of the statute applies, the real property at issue was nevertheless subject to forfeiture as a "thing[ ] of value." 720 ILCS 550/12(a)(4) (West 2006). For the reasons that follow, we affirm.

¶ 3                                  BACKGROUND

¶ 4    On September 27, 2007, Darrel W. Eggemeyer and Margaret A. Eggemeyer were arrested for violating the Cannabis Control Act (720 ILCS 550/5(g), 8(d) (West 2006)). At that time, government agents seized approximately 1,539.3 grams of cannabis located on their real property, which included a single-story house with a basement, buildings, and 20 acres, on which they resided as joint tenants. Government agents seized approximately 15,130 grams of cannabis on real property not owned by the Eggemeyers.

¶ 5    On July 8, 2008, Darrel pled guilty to unlawful possession with intent to deliver more than 2,000 grams but less than 5,000 grams of a substance containing cannabis (720 ILCS 550/5(f) (West 2006)) and was sentenced to four years' imprisonment. Margaret pled guilty to unlawful possession with intent to deliver more than 500 grams but less than 2,000 grams

of a substance containing cannabis (720 ILCS 550/5(e) (West 2006)) and was sentenced to two years' probation.

¶ 6 On December 28, 2007, prior to the Eggemeyers' convictions, the State initiated forfeiture proceedings, alleging that the Eggemeyers' real property was subject to forfeiture, as it was used to facilitate the transportation, possession, or concealment of production and possession of cannabis, pursuant to section 12(a)(4) of the Cannabis Control Act (720 ILCS 550/12(a)(4) (West 2006)). While the State's forfeiture case was pending, the legislature amended the Cannabis Control Act to specifically include, as subject to forfeiture, "real property *** used or intended to be used to facilitate the manufacture, distribution, sale, receipt, or concealment of" cannabis. 720 ILCS 550/12(a)(6) (West 2010). At a motion hearing on April 9, 2009, the circuit court questioned whether it should "apply a new law that was [not] in effect when the complaint was filed." At a hearing on August 10, 2011, the State represented that it was proceeding under the prior version of the statute.

¶ 7 Accordingly, on October 5, 2011, the circuit court entered judgment against the State, concluding that the real property was not subject to forfeiture as a "thing[ ] of value" pursuant to the prior version of the Cannabis Control Act in effect when the Eggemeyers were arrested, pled guilty, and were sentenced. 720 ILCS 550/12(a)(4) (West 2006). The circuit court noted that the term "things of value" appeared between "money" and "books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended for use in a felony violation." 720 ILCS 550/12(a)(4) (West 2006). The circuit court held that to construe "thing[ ]" to encompass real property and all other categories enumerated elsewhere as subject to forfeiture would render the statute's provisions meaningless and would result in an absurdity plainly not intended by the legislature. The circuit court concluded that under the doctrine of *expressio unius est exclusio alterius*, the enumeration of formulas, microfilm, tapes, and data, with no enumeration of real property, indicated the exclusion of real property as an item subject to forfeiture. Likewise, the circuit court determined that, pursuant to the doctrine of *ejusdem generis*, the term "things of value" included items of the same class as the specific items enumerated in subsection 12(a)(4). 720 ILCS 550/12(a)(4) (West 2006). The circuit court further held that the Illinois Controlled Substances Act and the Cannabis Control Act, when construed together, revealed the legislature's intent to exclude real property as subject to forfeiture as a "thing[ ] of value" under either Act. On November 4, 2011, the State filed a motion to reconsider, which the circuit court denied on November 21, 2011. On December 20, 2011, the State filed its notice of appeal.

¶ 8                                                  ANALYSIS

¶ 9 On appeal, the State argues initially that the circuit court erred in applying the prior version of the Cannabis Control Act to this case. Alternatively, the State argues that even if the prior version of the Cannabis Control Act applies, the Eggemeyers' real property was nevertheless subject to forfeiture as a "thing[ ] of value." 720 ILCS 550/12(a)(4) (West 2006).

¶ 10 The resolution of this dispute turns on questions of statutory interpretation. "The

-3-

fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *Hall v. Henn*, 208 Ill. 2d 325, 330 (2003). The best indication of legislative intent is the statutory language, giving the words their plain meaning and construing them in context. *Id.*; *In re Application of the County Collector*, 356 Ill. App. 3d 668, 670 (2005). A statute should be construed, if possible, so that no part of it is rendered superfluous, meaningless, absurd, inconvenient, or unjust. *Id.* The court must construe the statute as written, however, and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, add exceptions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute. *In re Application of the County Collector*, 356 Ill. App. 3d at 670. "The construction of a statute is a question of law that is reviewed *de novo*." *Hall*, 208 Ill. 2d at 330.

¶ 11    On August 16, 1971, the Cannabis Control Act (720 ILCS 550/1 to 19 (West 2010)) and the Illinois Controlled Substances Act (Controlled Substances Act) (720 ILCS 570/100 to 603 (West 2010)) became law in the State of Illinois. The original versions of these Acts contained similar provisions regarding forfeiture of property. The original version of the Cannabis Control Act provided, in pertinent part, that the following were subject to forfeiture:

> "all money, things of value, books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this Act." Ill. Rev. Stat. 1971, ch. 56½, ¶ 712(a)(4) (now 720 ILCS 550/12(a)(4)) (effective August 16, 1971, through September 9, 1990).

¶ 12    The original version of the Controlled Substances Act provided, in pertinent part, that the following were subject to forfeiture:

> "all *** books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended to be used in violation of this Act." Ill. Rev. Stat. 1971, ch. 56½, ¶ 1505(a)(4) (now 720 ILCS 570/505(a)(4)) (effective August 16, 1971, through September 9, 1990).

¶ 13    In 1990, the Illinois legislature enacted the Drug Asset Forfeiture Procedure Act and amended both the Cannabis Control Act and the Controlled Substances Act. Public Act 86-1382 amended subsection 12(a)(4) of the Cannabis Control Act to provide that the items subject to forfeiture under subsection 12(a)(4) were subject to forfeiture only if used, or intended for use, in a *felony* violation of the Act. Pub. Act 86-1382 (eff. Sept. 10, 1990) (amending Ill. Rev. Stat. 1989, ch. 56½, ¶ 712(a)(4) (now 720 ILCS 550/12(a)(4))). Public Act 86-1382 also added a fifth category of property subject to forfeiture under the Cannabis Control Act, namely:

> "everything of value furnished or intended to be furnished by any person in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to commit or in any manner to facilitate any felony violation of this Act." Pub. Act 86-1382 (eff. Sept. 10, 1990) (adding Ill. Rev. Stat. 1991, ch. 56½, ¶ 712(a)(5) (now 720 ILCS 550/12(a)(5))).

¶ 14    Public Act 86-1382 further amended the language in subsection (a)(4) of section 505 of

the Controlled Substances Act to list "all money, things of value, books, records, and research products and materials," thereby mirroring the list already subject to forfeiture under subsection 12(a)(4) of the Cannabis Control Act. Pub. Act 86-1382 (eff. Sept. 10, 1990) (amending Ill. Rev. Stat. 1989, ch. 56½, ¶ 1505(a)(4) (now 720 ILCS 570/505(a)(4))). Public Act 86-1382 also added an additional category of property subject to forfeiture under the Controlled Substances Act, namely:

"all real property, including any right, title, and interest *** in the whole of any lot or tract of land *** which is used or intended to be used, in any manner or part, to commit, or in any manner to facilitate the commission of, any violation or act that constitutes a violation of Section 401 or 405 of this Act or that is the proceeds of any violation or act that constitutes a violation of Section 401 or 405 of this Act." Pub. Act 86-1382 (eff. Sept. 10, 1990) (adding Ill. Rev. Stat. 1991, ch. 56½, ¶ 1505(a)(6) (now 720 ILCS 570/505(a)(6))).

Public Act 86-1382 did not add this language to the Cannabis Control Act in 1990.

¶ 15    However, in 2008, Public Act 95-989 (eff. Oct. 3, 2008) amended section 12 of the Cannabis Control Act, inserting subparagraph (a)(6) and subparagraph (c-1), and now reads, in pertinent part:

"(a) The following are subject to forfeiture:

(1) all substances containing cannabis which have been produced, manufactured, delivered, or possessed in violation of this Act;

(2) all raw materials, products and equipment of any kind which are produced, delivered, or possessed in connection with any substance containing cannabis in violation of this Act;

(3) all conveyances, including aircraft, vehicles or vessels ***;

(4) all money, things of value, books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended for use in a felony violation of this Act;

(5) everything of value furnished or intended to be furnished by any person in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to commit or in any manner to facilitate any felony violation of this Act;

(6) all real property, including any right, title, and interest including, but not limited to, any leasehold interest or the beneficial interest to a land trust, in the whole of any lot or tract of land and any appurtenances or improvements, that is used or intended to be used to facilitate the manufacture, distribution, sale, receipt, or concealment of property described in paragraph (1) or (2) of this subsection (a) that constitutes a felony violation of more than 2,000 grams of a substance containing cannabis or that is the proceeds of any felony violation of this Act.

\* \* \*

(c-1) In the event the State's Attorney is of the opinion that real property is subject to forfeiture under this Act, forfeiture proceedings shall be instituted in accordance with

the Drug Asset Forfeiture Procedure Act. The exemptions from forfeiture provisions of Section 8 of the Drug Asset Forfeiture Procedure Act are applicable." 720 ILCS 550/12(a), (c-1) (West 2010).

¶ 16 The State argues that the circuit court should have applied to the forfeiture proceeding the amended provisions found in section 12(a)(6) of the Cannabis Control Act (720 ILCS 550/12(a)(6) (West 2010)) because, the State argues, the *ex post facto* provisions of the Constitution do not prohibit the retroactive application of forfeiture statutes. The State argues that pursuant to section 12(a)(6) of the amended Cannabis Control Act (720 ILCS 550/12(a)(6) (West 2010)), the real property at issue was clearly subject to forfeiture. The defendant counters by asserting that the State waived any contention that the 2008 amendments apply to this case when it declared at trial that it was proceeding under the prior version of the statute. We reject this assertion, however, because waiver is a limitation on the parties, not on the court (*Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 518-19 (2000)), and we choose to address the merits of the issue.

¶ 17 "Statutes are presumed constitutional, and the courts of this state have a duty to construe enactments by the General Assembly so as to uphold their validity if there is any reasonable way to do so." *People v. Brown*, 225 Ill. 2d 188, 200 (2007). "Consistent with this obligation, our court will not consider a constitutional question if the case can be decided on other grounds." *Id.* "If a court can resolve a case on nonconstitutional grounds, it should do so." *Id.* "Constitutional issues should be reached only as a last resort." *Id.*

¶ 18 "Where, as here, a case implicates a statute enacted after the events giving rise to the litigation, Illinois courts evaluate the temporal reach of the new law in accordance with the standards set forth by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 *** (1994)." *Brown*, 225 Ill. 2d at 201.

"Under the *Landgraf* test, if the legislature has clearly indicated what the temporal reach of an amended statute should be, then, absent a constitutional prohibition, that expression of legislative intent must be given effect. However, when the legislature has not indicated what the reach of a statute should be, then the court must determine whether applying the statute would have a retroactive impact, *i.e.*, 'whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' *Landgraf*, 511 U.S. at 280 ***. If there would be no retroactive impact, as that term is defined by the court, then the amended law may be applied. *Landgraf*, 511 U.S. at 273-74, 275 ***. If, however, applying the amended version of the law would have a retroactive impact, then the court must presume that the legislature did not intend that it be so applied. *Landgraf*, 511 U.S. at 280 ***." *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38 (2001) (General Assembly unequivocally expressed its legislative intent in amendment to validate levies that were enacted prior to the amendment's effective date).

¶ 19 Our supreme court in *Caveney v. Bower* noted that, despite the analytical challenges typically posed by a phrase like "retroactive impact," application of the *Landgraf* approach in Illinois is quite simple in light of section 4 of the Statute on Statutes (5 ILCS 70/4 (West

2006)), wherein "the legislature has clearly indicated the 'temporal reach' of *every* amended statute." (Emphasis in original.) *Caveney v. Bower*, 207 Ill. 2d 82, 92 (2003). In section 4 of the Statute on Statutes, the legislature mandated that:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." 5 ILCS 70/4 (West 2006).

¶ 20 Accordingly, pursuant to section 4, statutory amendments "that are procedural may be applied retroactively, while those that are substantive may not." *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 406 (2009). This principle applies to civil as well as criminal enactments. *Caveney*, 207 Ill. 2d at 92-93.

¶ 21 "Indeed, with respect to a statutory amendment or repeal, it is virtually inconceivable that an Illinois court will ever go beyond step one of the *Landgraf* approach." *Id.* at 94. "[T]he legislature *always* will have clearly indicated the temporal reach of an amended statute, either expressly in the new legislative enactment or by default in section 4 of the Statute on Statutes." (Emphasis in original.) *Id.* at 95; see also *Doe A.*, 234 Ill. 2d at 406 (legislature clearly indicated in statute itself that amendment applied retroactively to actions pending when changes took effect). "[S]ection 4 represents a clear legislative indication that the retroactive application of substantive statutory changes is forbidden." *Caveney*, 207 Ill. 2d at 95.

¶ 22 In the case *sub judice*, because the legislature's clear indication of temporal reach is not found in the October 3, 2008, amendatory act itself, it is found in section 4 of the Statute on Statutes, which "forbids retroactive application of substantive changes to statutes." *People v. Glisson*, 202 Ill. 2d 499, 506-07 (2002). Section 12(a)(6) of the Cannabis Control Act, as amended in October 2008, specifically allows for the forfeiture of the Eggemeyers' real property as "real property *** used or intended to be used to facilitate the manufacture, distribution, sale, receipt, or concealment of [substances containing cannabis] that constitutes a felony violation of more than 2,000 grams of a substance containing cannabis or that is the proceeds of any felony violation of this Act." 720 ILCS 550/12(a)(6) (West 2010). The Cannabis Control Act did not previously allow for forfeiture of real property in this capacity at the time of the Eggemeyers' September 27, 2007, arrest or July 2008 guilty pleas in the underlying cases. Clearly, the October 3, 2008, amendment to the Cannabis Control Act is a substantive change in the law, as it establishes a forfeiture means that previously did not exist. "This being the case, '[i]t is to be assumed the amendatory act was framed in view of the provisions of said section 4 ***, and that it was the legislative intent the amendatory act should have prospective operation, only.' " *Caveney*, 207 Ill. 2d at 95-96 (quoting *Connell v. Crosby*, 210 Ill. 380, 386-87 (1904)). Accordingly, the circuit court properly applied the version of the Cannabis Control Act in effect prior to the October 3, 2008, amendments.

¶ 23    The State next argues that even when the previous version of the Cannabis Control Act is applied, the circuit court improperly concluded that the real property at issue was not subject to forfeiture as a "thing[ ] of value" listed in section 12(a)(4) of the Cannabis Control Act. 720 ILCS 550/12(a)(4) (West 2006).

¶ 24    Again, we must ascertain and give effect to the legislature's intent, the best indication of which is the statutory language, giving the words their plain meaning and construing them in context. *Hall*, 208 Ill. 2d at 330; *In re Application of the County Collector*, 356 Ill. App. 3d at 670. The doctrine of *ejusdem generis* provides that where general words follow particular and specific words in a statute, the general words must be construed to include only things of the same kind as those indicated by the particular and specific words. *People v. Rutledge*, 104 Ill. 2d 394, 397 (1984). "*Ejusdem generis* is a 'common drafting technique designed to save the legislature from spelling out in advance every contingency in which the statute could apply.' 2A N. Singer & J. Singer, Sutherland on Statutory Construction § 47:17, at 370-73 (7th ed. 2007)." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 492 (2009). "The interpretation is justified on the ground that, if the general words were given their full and ordinary meaning, the specific words would be superfluous as encompassed by the general terms." *Id.* "If the legislature had meant the general words to have their unrestricted sense, it would not have used the specific words. 2A N. Singer & J. Singer, Sutherland on Statutory Construction § 47:17 (7th ed. 2007)." *Id.*

¶ 25    Here, the term "things of value" must not be read in isolation but must be read in the context of it being part of a list that includes, as subject to forfeiture, "all money, things of value, books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended for use in a felony violation of" the Cannabis Control Act. 720 ILCS 550/12(a)(4) (West 2006). We agree with the circuit court that if the term "things of value" encompassed real property, it would encompass most, if not all, of the remaining provisions within subsection 12(a), rendering them meaningless and leading to an absurd result plainly not intended by the legislature. Where the legislature enumerated "thing[ ] of value" within a list that included money, books, records, formulas, microfilm, tapes, and data, but did not enumerate an item as substantial as real property, the legislature clearly did not intend to encompass real property as a "thing[ ] of value." Instead, as noted by the circuit court, the general term "thing[ ] of value" encompasses items of the same class as the specific items enumerated, which are discrete items of personalty or records, of which real property is not.

¶ 26    The legislature's 1990 amendment to the Controlled Substances Act, specifically adding as subject to forfeiture "all real property *** which is used or intended to be used" to violate section 401 or 405 of the Controlled Substances Act, and its lack of a similar amendment to the Cannabis Control Act at that time, reveals an intention by the legislature in 1990 not to include real property as subject to forfeiture under the circumstances enumerated in the amendment. Thus, we agree with the circuit court's assessment:

"To literally interpret real estate to be within this same class of items leads to an absurd result, especially considering the ease with which the [l]egislature could have specifically enumerated real property as a forfeitable item, as it did in the 1990 amendments to the Controlled Substances Act and later in the 2008 amendments to the Cannabis Control

-8-

Act."

We agree with the circuit court that the legislature's actions in allowing for the forfeiture of real property used to facilitate acts that constitute a felony violation of more than 2,000 grams of cannabis in the Cannabis Control Act in 2008 revealed its intention to clearly add real property as subject to forfeiture under these circumstances. We do not find a similar, clear intention to include real property as subject to forfeiture pursuant to the plain language of subsection 12(a)(4) (720 ILCS 550/12(a)(4) (West 2006)) and decline to strain the interpretation of "thing[ ] of value" so as to change the law and depart from the plain meaning of the language employed.

¶ 27    However, the State argues that the term "things of value," included in subsection 12(a)(4) of the Cannabis Control Act, clearly encompassed real property because, it argues, real property was referenced in subsection 12(f) of the effective version of the Cannabis Control Act, and such language would be rendered superfluous if real property was not subject to forfeiture prior to the amendments. Section 12(f) of the Cannabis Control Act states, in pertinent part:

"When any real property returned to the seizing agency is sold by the agency or its unit of government, the proceeds of the sale shall be delivered to the Director and distributed in accordance with subsection (g)." 720 ILCS 550/12(f) (West 2006).

¶ 28    We do not hold that real property was in no way subject to forfeiture under the previous version of the Cannabis Control Act. We merely hold that real property was not subject to forfeiture as a "thing[ ] of value" enumerated in section 12(a)(4). 720 ILCS 550/12(a)(4) (West 2006). The State at no time argued that the Eggemeyers' real property was subject to forfeiture, for example, as "everything of value furnished or intended to be furnished by any person in exchange for a substance in violation of this Act" (720 ILCS 550/12(a)(5) (West 2006)). See *People ex rel. Burmila v. Nine Hundred Six Dollars in United States Currency*, 242 Ill. App. 3d 467, 469 (1993) (subsection 12(a)(5) provides that property intended to be exchanged for cannabis is subject to forfeiture, regardless of whether it was part of a felony transaction); see generally *In re Forfeiture of $5,264*, 439 N.W.2d 246, 249 (Mich. 1989) (real property subject to forfeiture as "[a]ny thing of value that is furnished *** in exchange for a controlled substance" (internal quotation marks omitted)). In such a case, the language in section 12(f) (720 ILCS 550/12(f) (West 2006)), regarding "real property returned to the seizing agency," would thereby refer to the real property subject to forfeiture under section 12(a)(5) (720 ILCS 550/12(a)(5) (West 2006)), and the plain language of the statute is meaningful. Accordingly, in concluding that the term "things of value" as enumerated in subsection 12(a)(4) of the Cannabis Control Act does not encompass real property, we do not render the language of subsection 12(f) superfluous.

¶ 29                                    CONCLUSION

¶ 30    For the foregoing reasons, we affirm the decision of the circuit court of Randolph County.

¶ 31    Affirmed.