NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200630-U

NO. 4-20-0630

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee | ) | Circuit Court of |
| v. | ) | McLean County |
| ALLAN P. AUSTIN, | ) | No. 98CF482 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's judgment, which (1) dismissed
defendant's successive postconviction petition and (2) resentenced defendant to
an aggregate sentence of 64 years in prison.

¶ 2        In December 1998, a jury convicted defendant, Allan P. Austin, of three counts of

aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West Supp. 1997)), two counts of

home invasion (720 ILCS 5/12-11(a)(2) (West 1996)), and six other felony offenses. Defendant's

convictions stemmed from his separate attacks on three women near the Illinois Wesleyan

University campus in March 1998, when defendant was 16 years old. Defendant was tried and

convicted as an adult in criminal court. The trial court sentenced defendant to 20 years in prison

for each count of aggravated criminal sexual assault and 20 years for home invasion, with the

sentences to run consecutively. The court sentenced defendant to terms of less than 20 years on

each of the remaining counts and ordered those to be served concurrently.

¶ 3        For the next several years, defendant unsuccessfully attacked his conviction and sentence through various collateral proceedings.

¶ 4        In February 2014, defendant *pro se* filed a petition for *mandamus* relief, arguing, in relevant part, that his convictions were void because he was unlawfully transferred from juvenile court pursuant to section 5-4 of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-4 (West 1996)), which the Illinois Supreme Court had held was void *ab initio*. See *People v. Brown*, 225 Ill. 2d 188, 866 N.E.2d 1163 (2007). The trial court dismissed defendant's petition, and this court affirmed the dismissal, but remanded the case to consider defendant's claim as a successive postconviction petition. *Austin v. Everhart*, 2015 IL App (4th) 140968-U, ¶ 4.

¶ 5        On remand, defendant, through counsel, filed an amended petition arguing (1) defendant's transfer from juvenile court was void, (2) defendant was entitled to a new trial because the State committed a *Brady* violation (see *Brady v. Maryland*, 373 U.S. 83 (1963)), and (3) defendant was entitled to a new sentencing hearing pursuant to *People v. Buffer*, 2019 IL 122327, 137 N.E.3d 763. The trial court dismissed defendant's first two claims and granted the third claim, resentencing defendant to an aggregate term of 64 years in prison, to be served at 50%.

¶ 6        Defendant appeals, arguing that the trial court erred by (1) finding his transfer to criminal court was not void, (2) dismissing defendant's *Brady* claim, and (3) imposing an excessive sentence in violation of *Buffer*. Defendant further contends that (1) postconviction counsel provided unreasonable assistance on remand by failing to raise several arguments regarding sentencing, including a one-act, one-crime violation, and (2) his original sentencing counsel provided ineffective assistance. We disagree and affirm.

¶ 7                                    I. BACKGROUND

¶ 8                                    A. The Charges

¶ 9            In May 1998, the State charged defendant by information with three counts of

aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West Supp. 1997)), two counts of

home invasion (720 ILCS 5/12-11(a)(2) (West 1996)), and one count of residential burglary (*id.*

§ 19-3). A grand jury subsequently indicted defendant on those same charges as well as several

others, including one count of vehicular invasion (*id.* § 12-11.1)), one count of unlawful restraint

(*id.* § 10-3), and two counts of criminal sexual abuse (*id.* § 12-15(a)(1)).

¶ 10           In December 1998, the trial court conducted defendant's jury trial at which he was

convicted of all charges.

¶ 11           In November 2000, this court affirmed defendant's conviction on direct appeal,

rejecting his claims that his trial counsel was ineffective for failing to (1) file a motion to sever

the charges because they "were not part of the same comprehensive transaction" and

(2) cross-examine a detective about the misspelling of defendant's name on the tag of the t-shirt

recovered from A.B.'s bed. *People v. Austin*, 316 Ill. App. 3d 1307, 779 N.E.2d 529 (2000)

(table) (unpublished order under Supreme Court Rule 23). (A.B. was the victim of the three

aggravated criminal sexual assault counts and home invasion count.)

¶ 12                                   B. Subsequent Proceedings

¶ 13           Defendant subsequently filed many collateral attacks "challeng[ing] his

convictions and sentence from every conceivable angle." *People v. Austin*, 2014 IL App (4th)

140408, ¶ 9, 23 N.E.3d 615 (*Austin II*). We have thoroughly described those attacks and claims

in *Austin II* (see *id.* ¶¶ 8-14) and do not repeat them here. We note that in February 2015, we

directed the clerk of this court to reject any filings from defendant in this court until he paid a

$500 sanction for his frivolous filings. Defendant paid that sanction in December 2020.

¶ 14                                C. The Mandamus Petition

¶ 15        In February 2014, defendant, who was barred from filing claims in the circuit court without leave of court, filed a petition for *mandamus* relief against Don R. Everhart Jr., the circuit clerk of McLean County, in which he argued his convictions were void but the circuit court's refusal to accept his filings prevented him from challenging those convictions. Everhart moved to dismiss the petition, and the trial court granted that motion.

¶ 16        On appeal, this court affirmed the dismissal of defendant's *mandamus* petition but remanded the case with instructions for the trial court to (1) recharacterize defendant's pleading as a successive postconviction petition and (2) advance that petition to the second stage of proceedings. *Austin v. Everhart*, 2015 IL App (4th) 140968-U, ¶ 17 (*Austin III*). We explained that the documents attached to defendant's *mandamus* petition indicated that his charges were transferred from juvenile court to criminal court pursuant to section 5-4 of the Juvenile Court Act (705 ILCS 405/5-4 (West 1996)). *Id.* ¶ 7. The Illinois Supreme Court had ruled subsection 3.3 of section 5-4 was void *ab initio* and determined defendants who were transferred under the void provision were entitled to new transfer hearings. *Id.* ¶ 15 (citing *Brown*, 225 Ill. 2d at 198-99). Because the limited record before us supported a claim that defendant's case was originally transferred to criminal court pursuant to a void statute, we remanded the case.

¶ 17                                D. Proceedings on Remand

¶ 18                1. *The Amended Successive Petition and Motion To Dismiss*

¶ 19        In July 2015, defendant *pro se* filed a motion for leave to file a successive postconviction petition. The case was severely delayed due to personal family health issues of defendant's counsel. In July 2019, new counsel filed an amended successive postconviction

- 4 -

petition raising three issues for consideration. Specifically, defendant argued that he was entitled to (1) a new transfer hearing because his case was transferred to criminal court pursuant to a void statute, (2) a new trial because the State committed a *Brady* violation by failing to disclose a police report that would have impeached the identification of defendant by one of the victims, and (3) a new sentencing hearing because his 80-year aggregate sentence constituted a *de facto* life sentence pursuant to *Buffer*.

¶ 20    In October 2019, the State filed a motion to dismiss defendant's amended successive petition. The State argued defendant was not transferred to criminal court pursuant to the void transfer provision. Instead, defendant was subject to automatic transfer because the prior statute required defendants who were (1) over the age of 15 and (2) charged with aggravated criminal sexual assault to be tried in criminal court. The State further argued that it had not committed a *Brady* violation because the police report defendant allegedly never received was not legally material. That is, the State maintained that although the police report stated one of the victims could not make an identification at a police lineup, that victim later independently identified defendant on multiple occasions, including in open court. As a result, the outcome of defendant's trial was unaffected by any failure to disclose the police report.

¶ 21    The State conceded that defendant was entitled to a new sentencing hearing because his 80-year sentence was a *de facto* life sentence.

¶ 22                    2. *The Hearing and the Trial Court's Ruling*

¶ 23    In October 2019, the trial court conducted a hearing on the State's motion to dismiss defendant's amended successive petition. The parties presented arguments consistent with their written filings. The trial court granted the State's motion to dismiss defendant's void transfer claim and his *Brady* claim. However, the court granted defendant's amended successive

petition on the sentencing issue and vacated defendant's original sentence.

¶ 24       Regarding defendant's void transfer claim, the trial court ruled that defendant's juvenile case was not transferred pursuant to the void statute but instead was transferred pursuant to the mandatory transfer provision of the Juvenile Court Act that required a minor at least 15 years of age who is charged with aggravated criminal sexual assault " 'shall be prosecuted under the criminal [laws].' " See 705 ILCS 405/5-4(6)(a) (West 1996). Because defendant's case was not transferred pursuant to the void statute, there was no merit to his claim.

¶ 25       Regarding the *Brady* claim, the trial court found that the police report (1) was not provided to defendant in discovery and (2) could have been used to impeach one of the victims at trial. However, the court concluded the report was not material because it would not have impacted the outcome of the trial and did not undermine confidence in the verdict. Specifically, the court noted that S.E., the victim discussed in the police report, identified defendant subsequently when he rode by her work on a bicycle and at trial. The court also noted that the physical evidence and defendant's statements during interrogation further supported the convictions.

¶ 26       Although the trial court dismissed defendant's first two claims, the court agreed with his third claim—namely, that his 80-year sentence violated *Buffer*—and ordered a new sentencing hearing.

¶ 27                         3. *The Resentencing Hearing*

¶ 28       In October 2020, the trial court conducted a new sentencing hearing. The court noted that a new presentence investigation report (PSI) had been filed in November 2019 and an addendum to that report was filed in June 2020. Neither party objected to the PSI or its addendum.

¶ 29　　　　The State submitted (1) a transcript of defendant's trial testimony, (2) a transcript of the original sentencing hearing, and (3) "a printout from the Illinois Department of Corrections inmate profile search for the defendant." Defendant did not object, and neither party presented any further evidence.

¶ 30　　　　After hearing the arguments and recommendations of the parties, the trial court discussed the relevant statutory and non-statutory factors in aggravation and mitigation. The court then individually addressed each of the statutory factors contained within section 5-4.5-105 of the Unified Code of Corrections that the court must consider when sentencing defendants who were under the age of 18 at the time of the commission of the offense. 730 ILCS 5/5-4.5-105 (West 2020). Among other things, the court noted that defendant (1) had an extensive criminal history as a juvenile that included serious felonies, (2) had no intellectual deficiencies or mental health issues, (3) was not subject to peer pressure before or while the offenses were committed, and (4) had not expressed remorse for his actions. The court then stated the following:

> "The Court finds based upon all of those factors that the defendant's conduct from an early age to the present shows irretrievable depravity, permanent incorrigibility, and irreparable corruption beyond the possibility of rehabilitation.
>
> The defendant's criminal history while not in jail or detention or DOC demonstrates escalation in his criminal behavior; escalation which resulted in the offenses for which he is being resentenced today.
>
> The defendant has shown an unwillingness as well as conscious inability to comply with authority and directions designed to change and alter his behaviors."

¶ 31　　　　The trial court sentenced defendant to 16 years in prison for counts I-IV (three

counts of aggravated criminal sexual assault and one count of home invasion) to be served consecutively for an aggregate sentence of 64 years in prison. The court sentenced defendant to various lesser terms of years for his remaining offenses to be served concurrently with counts I-IV. Defendant was entitled to day-for-day credit and received credit for 8198 days (approximately 22½ years) in custody.

¶ 32    This appeal followed.

¶ 33                                II. ANALYSIS

¶ 34    Defendant appeals, arguing that the trial court erred by (1) finding his transfer to criminal court was not void, (2) dismissing his *Brady* claim, and (3) imposing an excessive sentence in violation of *Buffer*. Defendant further contends that (1) postconviction counsel provided unreasonable assistance on remand by failing to raise several arguments regarding sentencing, including a one-act, one-crime violation, and (2) his original sentencing counsel provided ineffective assistance. We disagree and affirm.

¶ 35               A. The Applicable Law and Standard of Review

¶ 36    The Post-Conviction Hearing Act (Act) provides a criminal defendant the means to redress substantial violations of his constitutional rights that occurred in his original trial or sentencing. *People v. Bailey*, 2017 IL 121450, ¶ 17, 102 N.E.3d 114; 725 ILCS 5/122-1 (West 2014). The Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2014). At the second stage, the trial court appoints counsel who must then investigate the defendant's claims and make any amendments necessary for an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). The State may file a motion to dismiss the petition, and the petition advances to a third-stage evidentiary hearing only if the defendant makes a "substantial showing of a

constitutional violation." *Buffer*, 2019 IL 122327, ¶ 45.

¶ 37　　　　The Illinois Supreme Court has described proceedings at the second stage as follows:

> "The second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation. In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767.

The appellate court reviews a trial court's dismissal of a petition at the second stage *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31, 47 N.E.3d 237.

¶ 38　　　　　　　　　　　　　　B. This Case

¶ 39　　　　In this case, the bulk of defendant's claims were either (1) raised earlier in prior collateral attacks or (2) could have been raised in an earlier proceeding. Accordingly, they are barred by *res judicata*. See *Bailey*, 2017 IL 121450, ¶ 15 (holding that the Act contemplates the filing of only one postconviction petition and expressly provides that " '[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived' " (quoting 725 ILCS 5/122-3 (West 2014)).

¶ 40　　　　Nonetheless, defendant's claims also fail on their merits. Because defendant complains his claims have never been addressed on the merits, we do so in the hope that he will

finally understand what we have been saying all along: his claims are frivolous.

¶ 41                          1. *Defendant's One-Act, One-Crime Claims*

¶ 42        Defendant claims the three aggravated sexual assault convictions and the home invasion conviction should all merge under the one-act, one-crime doctrine. Defendant is mistaken.

¶ 43        First, home invasion is clearly a different crime than aggravated criminal sexual assault because none of the elements of home invasion are within any of the elements of aggravated criminal sexual assault. See *People v. Miller*, 238 Ill. 2d 161, 166, 938 N.E.2d 498, 502 (2010) (describing abstract elements approach); *People v. Rodriguez*, 169 Ill. 2d 305, 188-89, 661 N.E.2d 305, 308 (1996) (holding home invasion and aggravated criminal sexual assault were based on multiple acts despite sharing a common act). Defendant seems to think that because the felony he intended to commit when he committed home invasion was aggravated criminal sexual assault, that makes one a lessor included offense of the other. He is simply wrong. Moreover, the home invasion was predicated on his intention to cause bodily injury, not to commit sexual assault. See 720 ILCS 5/12-11(a)(2) (West 1996).

¶ 44        Next, defendant claims his three aggravated criminal sexual assault convictions were all based on the same act of penetration. Defendant's argument could be meritorious if it were factually accurate. However, each count was based on a different act of penetration: two vaginal penetrations and one oral penetration. Oral and vaginal penetration are clearly separate acts and support separate convictions. Further, a defendant can be convicted of two offenses based on the same type of penetration if they constituted separate acts. See *People v. Segara*, 126 Ill. 2d 70, 77, 533 N.E.2d 802, 805 (1988) ("To permit a defendant to rape an individual several times over a period of time in the same place with little or no break between each act deprecates

- 10 -

the heinous and violent nature of each act and the effect each act has upon the victim."). The victim testified that defendant penetrated her vaginally, then made her perform oral sex on him, before subsequently forcing her onto her stomach and penetrating her vaginally again. For the reasons stated, defendant's convictions were each based on separate acts.

¶ 45 Defendant further claims the crimes charged in counts I-IV constitute a single act because they were committed during the same course of conduct. This absurd claim fails for the reasons we just explained as well as the reasons given in *People v. Marzonie*, 2018 IL App (4th) 160107, ¶ 40, 115 N.E.3d 270 (rejecting defendant's claim that he committed a single crime of "operating a mobile methamphetamine lab").

¶ 46 We note that defendant also asserts that the types of penetration listed in the indictments are irrelevant because they are not part of the offense. His undeveloped argument is simply mistaken about the authority he cites.

¶ 47 We also briefly note that this court earlier rejected a claim by defendant that the more minor charges against him should have been severed from the serious felonies, which means any similar argument for severance is meritless. *People v. Austin*, No. 4-99-0188 (Nov. 16, 2000) (unpublished order under Illinois Supreme Court Rule 23) (*Austin IV*).

¶ 48 2. *Defendant's Transfer to Criminal Court Was Valid*

¶ 49 Defendant claims his juvenile charges should not have been transferred because section 5-4 of the Juvenile Court Act was void. This claim has been addressed on the merits by the trial court twice and both times the trial court properly rejected it. Critically, defendant's felony claims were not transferred pursuant to the void provision of the Juvenile Court Act. Defendant was 16 years old and charged with three counts of aggravated criminal sexual assault. Section 5-4(6)(a) required the automatic transfer of those offenses and any crimes arising out of

the same operative facts. 705 ILCS 405/5-4(6)(a) (West 1996). Instead, defendant's case was automatically transferred to criminal court both under the law in effect at the time and the version of the Juvenile Court Act in place prior to 1996. *Id.*; see also *People v. Clark*, 119 Ill. 2d 1, 13, 518 N.E.2d 138, 143 (1987) (concluding the provisions of the Juvenile Court Act in effect at the time required automatic transfer if the defendant was at least 15 years old and committed aggravated criminal sexual assault). Because defendant's transfer to criminal court was required under the statute in effect at the time of his transfer, the trial court properly dismissed his void transfer claim.

¶ 50                    3. *Defendant's 64-Year Sentence Was Appropriate*

¶ 51        Next, defendant claims his new 64-year sentence was void because it exceeded 40 years in violation of *Buffer*. Defendant is wrong for several reasons.

¶ 52        First, in *People v. Dorsey*, 2021 IL 123010, ¶¶ 49-50, 183 N.E.3d 715, the Illinois Supreme Court made clear that day-for-day sentencing credit is considered when determining if a sentence is a *de facto* life sentence in excess of 40 years. Here, defendant was sentenced to an aggregate of 64 years to be served at 50%. The minimum term of years defendant is required to serve is 32 years, well short of a *de facto* life sentence.

¶ 53        Second, as this court explained in *People v. Kuehner*, 2022 IL App (4th) 200325, ¶ 79, sentences longer than 40 years are permissible if "the sentencing court considers the offender's youth and its attendant circumstances." Here, the trial court individually addressed each factor and concluded that 64 years was an appropriate sentence. Accordingly, we affirm the trial court's sentence.

¶ 54        4. *Defendant Did Not Make a Substantial Showing of a* Brady *Violation*

¶ 55        Last, defendant claims the trial court erred by dismissing his *Brady* claim. The

trial court found that, assuming defendant never received the police report, the State committed a *Brady* violation. However, the court ultimately concluded that the police report was not material in the legal sense required to entitle defendant to a new trial. We agree.

¶ 56 To establish a *Brady* violation sufficient to require a third-stage evidentiary hearing, defendant needed to make a substantial showing that (1) the State failed to turn over exculpatory or impeaching evidence requested in discovery and (2) that evidence was material to his guilt or innocence. *People v. Snow*, 2012 IL App (4th) 110415, ¶ 35, 964 N.E.2d 1139. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed ***, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* ¶ 36. A reasonable probability exists when the undisclosed evidence undermines confidence in the outcome of the trial. *Id.*

¶ 57 The police report concerns S.E.'s inability to definitively identify defendant at a lineup. (We note that S.E. was one of the three women defendant attacked, but she was not the victim of the aggravated criminal sexual assaults or home invasion convictions which form the basis of defendant's 64-year prison sentence.) However, at trial, S.E. testified that after the lineup described in the police report, she (1) recognized defendant and called the police when she saw him riding his bike near the place she was attacked, (2) identified defendant at a show up the same night he was arrested, and (3) identified defendant as the attacker in open court. In his interview with police after his arrest, defendant volunteered information about the crimes to the police and signed a written confession. Given the overwhelming nature of the evidence against defendant, the police report pertaining to S.E. does not undermine confidence in the jury's verdict.

¶ 58 5. *Ineffective Assistance of Counsel*

¶ 59    Because we have rejected defendant's claims on their merits, neither his trial counsel nor his postconviction counsel could have rendered ineffective assistance for failing to raise them or raising them inadequately. See, *e.g.*, *People v. Price*, 2021 IL App (4th) 190043, ¶ 187 (concluding that defendant could not establish prejudice under *Strickland* when this court rejected his underlying claims on their merits).

¶ 60                                        C. Epilogue

¶ 61    Defendant is clearly unhappy about his sentence, but his situation is now better than it was when he was first convicted in 1998. Defendant is eligible for day-for-day credit because he was sentenced prior to the enactment of the truth-in-sentencing statute, which would have required him to serve at least 85% of his sentences for aggravated criminal sexual assault and home invasion. 730 ILCS 5/3-6-3(a)(2)(i), (ii) (West 2020). Because that statute does not apply to defendant, in theory, he could be released after serving 32 years, and he has already served over 20.

¶ 62    Defendant's continued harassing and frivolous litigation can have very real, negative consequences for him. Specifically, the trial court can order the Illinois Department of Corrections to conduct a hearing to revoke up to 180 days of sentencing credit when the court makes a specific finding that a previous filing was frivolous. *Id.* § 3-6-3(d). The trial court can also assess and collect filing fees and court costs from a prisoner's trust fund account administered by the Department of Corrections. 735 ILCS 5/22-105(a) (West 2020). Additionally, as defendant is already aware, the appellate court is authorized to impose sanctions, including monetary sanctions, on a party who files a frivolous appeal. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 63    We have addressed defendant's claims on the merits (1) so that he will know they

cannot succeed and (2) to give the trial court more help in evaluating the frivolity of defendant's claims should he reraise them in the future. If that happens, the trial court can and should consider the elimination of good time.

¶ 64                                  III. CONCLUSION

¶ 65            For the reasons stated, we affirm the trial court's judgment.

¶ 66            Affirmed.