NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220414-UB

NO. 4-22-0414

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| LARMARCUS BASSETT, | ) | No. 14CF1519 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    In the second stage of a postconviction proceeding, the merits of the petition may be considered only after the appointed postconviction counsel has fully complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2    Defendant, Larmarcus Bassett, appeals from a ruling in which the circuit court of Winnebago County granted the State's motion to dismiss his amended petition for postconviction relief. Originally, we affirmed this ruling. See *People v. Bassett*, 2023 IL App (4th) 220414-U, ¶ 5. Defendant then petitioned the supreme court for leave to appeal. On September 27, 2023, the supreme court denied leave to appeal. In so doing, however, the supreme court issued to us the following order:

"In the exercise of this Court's supervisory authority, the Appellate Court, Fourth District, is directed to vacate its judgment in *People v. Bassett*, case No. 4-22-0414 (03/30/23). The appellate court is directed to consider the effect of this

Court's opinion in *People v. Addison*, 2023 IL 127119, on the issue of whether defendant received reasonable assistance of post-conviction counsel and determine if a different result is warranted."

Accordingly, we vacate our judgment in *Bassett*, 2023 IL App (4th) 220414-U. In the light of *Addison*, we now reverse the circuit court's judgment, and we remand this case for full compliance with the requirement, in Illinois Supreme Court Rule 615 (eff. July 1, 2017), that postconviction counsel make "amendments" to the *pro se* petition "that are necessary for an adequate presentation of [defendant's] contentions."

¶ 3                                    I. BACKGROUND

¶ 4            Defendant is serving a term of 32 years' imprisonment for armed robbery (720 ILCS 5/18-2(a)(2) (West 2014)). The evidence in the jury trial tended to show that on June 17, 2014, he and another man, Dezha Manning, robbed Deonterryo Thompson at gunpoint.

¶ 5            Thompson was the main witness in the jury trial. In his *pro se* petition for postconviction relief, defendant accused his trial counsel of rendering ineffective assistance in the trial by failing to present Manning and Malikah Muhammed (defendant's sister) as alibi witnesses. Thompson's testimony, defendant claimed, could have been thrown into doubt by this alibi evidence, especially considering that Thompson was biased again him. The *pro se* petition explained that defendant and Thompson had gotten into "an earlier altercation where [Thompson] had an unfounded grudge against defendant for the death of one of [Thompson's] friend[s]."

¶ 6            Postconviction counsel filed an amended petition for postconviction relief. Ground three of the amended petition accused trial counsel of rendering ineffective assistance by "fail[ing] to meet with the Defendant sufficiently in order to adequately prepare a defense for trial." The amended petition continued:

"30. Prior to the trial, the Defendant made his attorney aware that the victim, Thompson, knew him well and that Thompson had a grudge against him. He also told his attorney that he did not rob Thompson and that Thompson had fabricated the story to get even with him.

31. Trial counsel did not put on any evidence, choosing to rely solely on cross examination of Thompson as to some inconsistencies in his testimony and prior police statements. Counsel essentially conceded the Defendant's guilt as to one or both charges.

32. Trial counsel's failure to review evidence and strategy with the Defendant arises [*sic*] to a level of ineffective assistance. *** [T]here appears to be no strategy whatsoever."

¶ 7 In an affidavit accompanying the amended petition, defendant averred:

"6. Prior to our meeting on [January 8, 2015], my attorney spent little time with me to review the evidence or what our trial strategy would be.

7. I told my attorney that Deonterryo Thompson had a grudge against me and fabricated the story about being robbed. My attorney led me to believe that I could not be found guilty based on the testimony of Thompson. My attorney never made it clear to me or sought my input into what our trial strategy would be. I wanted to testify but my attorney convinced me otherwise."

¶ 8 II. ANALYSIS

¶ 9 Postconviction counsel must give the defendant a "reasonable level of assistance." (Internal quotation marks omitted.) *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To that end, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) provides as follows:

"The record *** shall contain a showing, which may be made by the certificate of petitioner's [appointed] attorney, that the attorney has consulted with petitioner by phone, mail, electronic means[,] or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

The filing of a Rule 651(c) certificate raises a presumption that postconviction counsel provided reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant has the burden of rebutting that presumption by showing, from the record, that postconviction counsel failed to perform a task enumerated in the certificate. *People v. Leon*, 2022 IL App (1st) 191367-U, ¶ 51. We decide *de novo* whether the Rule 651(c) certificate is rebutted. See *id.*

¶ 10 In this case, postconviction counsel filed an amended certificate pursuant to Rule 651(c). One of his representations in the certificate was that he had "made any amendments to the petition filed *pro se* that [were] necessary for an adequate presentation of petitioner's contentions."

¶ 11 According to defendant, the record belies that representation. He argues that postconviction counsel failed to fulfill his duty of "investigat[ing] the defendant's claims and mak[ing] any amendments necessary for an adequate presentation of the defendant's contentions." *People v. Austin*, 2022 IL App (4th) 200630-U, ¶ 36 (citing Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)). Specifically, defendant complains that, in the amended petition, "[t]here was no discussion of what counsel should have done differently (*e.g.*, investigate Thompson's bias and present evidence on it)." Because the amended petition contained no mention or proof of the earlier altercation between Thompson and defendant, the allegation, in the amended petition, that "Thompson had a grudge against [defendant]" was a bare conclusion. See *People v. Coleman*, 183 Ill. 2d 366, 381 (1998)

("Nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the [Post-Conviction Hearing] Act [(725 ILCS 5/122-1 *et seq.* (West 1994))].""). Second, defendant criticizes the amended petition for failing to "specify what 'evidence' and 'strategy' trial counsel failed to review."

¶ 12    It is inferable, from defendant's affidavit, that the evidence that trial counsel supposedly should have reviewed was the altercation between Thompson and defendant. The strategy that trial counsel supposedly should have discussed with defendant was the possibility of defendant's taking the stand to testify to that altercation, thereby establishing that Thompson held a grudge against him. So, the affidavit contains some discussion of the evidence and the strategy to which the amended petition vaguely refers.

¶ 13    The affidavit, however, fails to explain the basis for defendant's bare conclusion that Thompson had a grudge against him. To survive a motion for dismissal, the amended petition must make a substantial showing of a constitutional violation (see *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)), and again, conclusory assertions fail to make such a showing (*Coleman*, 183 Ill. 2d at 381). Apparently, defendant's affidavit could have easily provided support for his "grudge" conclusion: the affidavit could have described the altercation that defendant mentioned in his earlier, superseded *pro se* petition—including what Thompson specifically said to defendant in the altercation.

¶ 14    The duty of making necessary amendments (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) includes corroborating the amended petition with "the affidavits (if any) of those witnesses who offer support for the claims the defendant raised in the petition" (if the record does not already support the claims) (*People v. Johnson*, 154 Ill. 2d 227, 249 (1993)). It is true that,

"[i]n the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *Id.* at 241.

"Here, however, this presumption is flatly contradicted by the record," specifically, the *pro se* petition, in which defendant mentioned the altercation between Thompson and himself over the death of Thompson's friend. *Id.* If defendant could discuss the altercation in his *pro se* petition, then apparently he could have done so in his affidavit attached to the amended petition. The lack of such a discussion in defendant's affidavit is evidence, on the face of the record, that defendant received (in this respect) less than reasonable assistance.

¶ 15        Nevertheless, in our original decision in this appeal, we upheld the dismissal of the amended petition because "under binding precedent, the strategic decision not to try to impeach Thompson regarding his alleged grudge against defendant [was] immune to a claim of ineffective assistance." *Bassett*, 2023 IL App (4th) 220414-U, ¶ 45 (citing *People v. West*, 187 Ill. 2d 418, 432 (1999)). We acknowledged defendant's citation of *People v. Suarez*, 224 Ill. 2d 37, 47 (2007), in which the supreme court had held, "[R]emand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." We regarded *Suarez* as distinguishable, however, because postconviction counsel in that case had filed no Rule 651(c) certificate whereas, in the present case, postconviction counsel had done so. See *Bassett*, 2023 IL App (4th) 220414-U, ¶ 46.

¶ 16        In *Addison*, though, the supreme court rejected the State's argument "that *Suarez* is limited to situations in which postconviction counsel did not file a certificate of compliance." *Addison*, 2023 IL 127119, ¶ 34. *Addison* made clear—without exception or qualification—that "it is inappropriate to consider the merits of the claims in the petition when counsel has not complied with Rule 651(c) by shaping the claims into the appropriate form." *Id.* ¶ 42.

¶ 17        An unmeritorious claim can be in an appropriate form, or it can be in an inappropriate form. If the record shows that a conclusory claim could be fleshed out with an affidavit, and if postconviction counsel inexplicably failed to supply an affidavit that does so, the claim is in an inappropriate form—regardless of whether the claim ultimately has any chance of succeeding. Consideration of the merits comes only after full compliance with Rule 651(c). See *id.* ¶ 41.

¶ 18                                    III. CONCLUSION

¶ 19        For the foregoing reasons, we reverse the circuit court's judgment, and we remand this case for full compliance with Rule 651(c), including the requirement that appointed postconviction counsel make amendments to the *pro se* petition that are necessary for an adequate presentation of defendant's contentions.

¶ 20        Reversed and remanded with directions.